Stephen Beke SBN 290972
**CARLTON FIELDS, LLP**
2029 Century Park East, Suite 1200
Los Angeles, CA 90067
Telephone: (310) 843-6300
Facsimile: (310) 843-6301
sbeke@carltonfields.com

D. Matthew Allen (*pro hac vice to be submitted*)
Kevin P. McCoy (*pro hac vice to be submitted*)
Brooke Patterson (*pro hac vice to be submitted*)
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-5780
Telephone: (813) 229-1212
Facsimile: (813) 229-4133
mallen@carltonfields.com
kmccoy@carltonfields.com
bpatterson@carltonfields.com

Attorneys for Defendants PREMIUM PARKING SERVICE, LLC, and MUNICIPAL PARKING SERVICES, INC.

(*Counsel for additional Defendants included below*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY BLUE, DAVID BREWER, and MICHAEL COLLINS, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOB, INC., PREMIUM PARKING SERVICES, LLC, MUNICIPAL PARKING SERVICES, INC., GOVCIO, LLC, and THOMPSON REUTERS CORP.,<br><br>Defendants. | Case No.: 3:25-cv-09741<br><br>(Superior Court for the County of San Francisco, Case No. CGC-25-630018)<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION** |

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1331, 1441, and 1446, Defendants LOB, INC., PREMIUM PARKING SERVICE, LLC, MUNICIPAL PARKING SERVICES, INC., GOVCIO, LLC, and THOMSON REUTERS CORP. hereby remove this putative class action from the Superior Court of the State of California, County of San Francisco, where the action was commenced, to the United States District Court for the Northern District of California, the district embracing the place where the case is pending, on the grounds that this Court has original jurisdiction over the matter under 28 U.S.C. § 1331, given that the complaint asserts a cause of action against Defendants under the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq*., presenting a federal question for the Court. [1] Removal is also proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In support of this removal, Defendants aver as follows:

1. On or about October 9, 2025, Plaintiffs commenced this action by filing a complaint against Defendants titled *Blue, et al. v. Lob, Inc., et al.*, Case No. CGC-25-630018 ("Complaint"), in the Superior Court of the State of California for the County of San Francisco ("Action"). Under 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders served upon" Defendants, including the Summonses and Complaints, are incorporated herein, and are attached as Exhibit A. A true and correct copy of the state court docket as of the date of this filing is also attached as Exhibit B. In the Complaint, Plaintiffs allege one cause of action under the Driver's Protection Privacy Action, 18 U.S.C. § 2721, *et seq*. *See*, *e.g.*, Ex. A (Compl.) ¶¶ 168-182.

2. **<u>Timeliness of Removal</u>**. This removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty days of October 13, 2025, which is the date that the first Defendants, GovCIO, LLC and Premium Parking Service, LLC were served with the Complaint.

---

[1] By removing this Action to federal court, Defendants neither: consent to personal jurisdiction; concede that this Court is a convenient forum; nor waive any of their defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise. *See*, *e.g.*, *Freeney v. Bank of Am. Corp.*, No. CV-1502376-MMMPJWX, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (collecting cases and holding that "[a] defendant's election to remove a case to federal court does not waive a personal jurisdiction defense"); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302-303 (9th Cir. 1986) (removed action dismissed on grounds of inconvenient forum).

*See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within thirty days of service of the complaint). Defendants will serve a written notice of the filing of this Notice of Removal on Plaintiffs, and will file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of San Francisco, as required by 28 U.S.C. § 1446(d). After the Notice of Removal is served on Plaintiffs and filed in the Superior Court of the State of California, Defendants will file a Certificate of Service of Notice of Removal in this Court.

3. **Venue**. Venue lies in this Court under 28 U.S.C. §§ 84(a) and 1441(a), because the Complaint was initially filed in the Superior Court of the State of California for the County of San Francisco, and the United States District Court for the Northern District of California is "the district and division embracing the place where [the] [A]ction is pending." *Id.*; *see* Ex. A.

4. **Allegations and Claims in the Complaint**. This is a putative class action brought by Plaintiffs, who assert a single cause of action against Defendants for violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq*., on behalf of themselves individually and all other persons similarly situated. Plaintiffs define the putative class as:

> All individuals in the United States who, during the four years prior to the filing of this lawsuit through the date of class certification had their names and address information obtained from state motor vehicle records and used or disclosed by Defendants (the 'Class').

Ex. A (Compl.) ¶ 156.

Plaintiffs allege that Defendants violated the DPPA by obtaining Plaintiffs' and putative Class Members' personal information from non-public motor vehicle state records, and by using the information to send parking tickets to Plaintiffs' and putative Class Members' homes. *See*, *e.g.*, *id.* ¶¶ 1-5. The Complaint states that the use of Plaintiffs' personal information was not a permitted use under the DPPA. *See id.* ¶ 45. Plaintiffs also allege that the personal information was obtained without consent or authorization. *Id.* ¶ 103. Plaintiffs claim the alleged DPPA violation caused Plaintiffs and Class Members harm, including "violations of their statutory privacy rights, harassment, annoyance, wasted time, emotional distress, nuisance, invasion of their privacy, and intrusion upon seclusion in a space that is personal and private . . . ." *Id.* ¶ 109.

Plaintiffs pray for relief including: an order certifying a class under Rule 23 of the California Rules of Civil Procedure; an order declaring that each Defendant's actions violated the DPPA; statutory damages for each violation of the DPPA; punitive damages; injunctive and other equitable relief; attorneys' fees, expenses, and costs of suit; and pre-judgment and post-judgment interest. *See* Ex. A (Compl.) at p. 25.

5. **<u>Removal is Proper on a Federal Question Basis</u>**. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §§ 1331 and 1441. Pursuant to 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1441, "[e]xcept as otherwise previously provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Federal question jurisdiction exists on the face of the Complaint: the sole cause of action which Plaintiffs assert is a single claim individually and on behalf of a putative clase for violation of the DPPA, 18 U.S.C. § 2721, *et seq*. *See* Ex. A (Compl.) ¶¶ 168-182. Moreover, the DPPA itself states that actions concerning the DPPA may be brought in a "United States district court." 28 U.S.C. § 2724(a).

Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A well-pleaded complaint presents a federal question when the complaint establishes either that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal*., 463 U.S. 1, 27–28 (1983). There is therefore federal jurisdiction over the Complaint.

6. **Removal is also Proper Under CAFA**. While no other basis is necessary where, as here, the only basis for the claim is a federal statute and the action is therefore within the original jurisdiction of the federal courts, this Action is also removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This action is properly removable under CAFA because: (i) it is a putative class action; (ii) the putative class exceeds 100 individuals; (iii) at least one member of the plaintiff class is a citizen of a state different from the defendant; (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs; and (v) none of the exceptions to removal under CAFA apply.

The putative class well exceeds 100 individuals: according to the Complaint, the "Plaintiffs believe that the proposed Class includes potentially hundreds of thousands of individuals whose state motor vehicle records were improperly disclosed, obtained, and used by Defendants and their agents." Ex. A. (Compl.) ¶ 160. In addition, this Action more than meets minimal diversity requirements. Plaintiffs are citizens of Missippi, Alabama, and Arkansas. *See id.* ¶¶ 9-11. None of the Defendants are incorporated or have their principal places of business in any of these states. *See id.* ¶¶ 13-17.

With respect to the amount in controversy, it exceeds $5,000,000 in the aggregate. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions, […] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 549. Defendants deny Plaintiffs' allegations, the appropriateness of class treatment, that Plaintiffs are entitled to any of the relief sought in the Complaint, and do not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). Because the Complaint seeks an award of "statutory damages in the amount of $2,500 to each Plaintiff and each member of the Class for each violation of the DPPA by Defendants," as well as punitive damages and attorney's fees, *see* Compl., Prayer for Relief (C) (D), (F), and Plaintiffs

allege the proposed class includes "potentially hundreds of thousands of individuals," the amount in controversy exceeds $5 million.

Finally, this Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiffs have the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

7. **<u>All Defendants Join In and Consent to Removal of the Action</u>**. As evidenced by the signatures of their counsel below, all Defendants have reviewed and approved this Notice, and all Defendants join and consent to the removal of the action under 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE**, Defendants remove this Action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, and request that this Court assume jurisdiction over the Action. Defendants also reserve the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, or legal argument.

Dated: November 12, 2025

CARLTON FIELDS, LLP

By: *\/s/ Stephen Beke*
Stephen Beke

2029 Century Park East, Suite 1200
Los Angeles, CA 90067
Telephone: (310) 843-6300
Facsimile: (310) 843-6301
sbeke@carltonfields.com

D. Matthew Allen (*pro hac vice to be submitted*)
Kevin P. McCoy (*pro hac vice to be submitted*)
Brooke Patterson (*pro hac vice to be submitted*)
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-5780
Telephone: (813) 229-1212
Facsimile: (813) 229-4133

*Attorneys for Defendants Premium Parking Service, LLC, and Municipal Parking Services, Inc.*

VENABLE LLP

By: /s/ Amit Rana
Amit Rana

Amit Rana (SBN 291912)
arana@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755

James Y. Boland
(*pro hac vice application to be submitted)*
jyboland@venable.com
Kevin W. Weigand
(*pro hac vice application to be submitted)*
kwweigand@venable.com
1850 Towers Crescent Plaza, Suite 400
Tysons, Virginia 22182
Telephone: 703.760.1997
Facsimile: 703.821.8949

*Attorneys for Defendant GovCIO, LLC*

HOGAN LOVELLS US LLP

By: /s/ Christine Wang
Christine Wang

Christine Wang (SBN 343163)
christine.wang@hoganlovells.com
855 Main St, Suite 200
Redwood City, CA 94063
Telephone: 650.463.4000
Facsimile: 415.374.2499

Jasmeet K. Ahuja
(*pro hac vice application to be submitted)*
jasmeet.ahuja@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19081
Telephone: 267.675.4600
Facsimile: 267.675.4601

*Attorneys for Defendant Thomson Reuters Corporation*

GOODWIN PROCTER LLP

By: _/s/ Mark David McPherson_
Mark David McPherson

Mark David McPherson (SBN 307951)
mmcpherson@goodwinlaw.com
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8869
Fax.: 212.202.4582

*Attorneys for Defendant Lob.com, Inc.*

**ATTESTATION UNDER LOCAL RULE 5-1(i)(3)**

I attest that each of the signatories listed on the signature page, and on whose behalf the filing is made, concur in the filing of this document.

Dated: November 12, 2025

CARLTON FIELDS, LLP

By: */s/ Stephen Beke*
Stephen Beke

*Attorneys for Defendants Premium Parking Service, LLC, and Municipal Parking Services, Inc.*